UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LOIS DONIE,

                              Plaintiff,

v.

                                                              Case # 12-CV-6213-FPG

WALMART, INC.,

                              Defendant.               DECISION & ORDER

## INTRODUCTION

Plaintiff Lois Donie ("Plaintiff") filed this action on April 18, 2012, alleging discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 623, ("ADEA") and the New York State Human Rights Law, New York State Executive Law § 296 ("NYSHRL"). Dkt. # 1. Plaintiff further alleges three state law claims: intentional infliction of emotional distress, negligent infliction of emotional distress, and false imprisonment. *Id.* In response, Defendant Walmart, Inc.[1] ("Defendant" or "Wal-Mart") filed a Motion for Summary Judgment. Dkt. # 15. Because I find that there is no genuine issue of material fact regarding whether Defendant's proffered reasons for failing to promote and terminating Plaintiff are pretextual, and because the remaining state law claims should be dismissed, Defendant's Motion for Summary Judgment is granted and the Complaint is dismissed.

## BACKGROUND

Plaintiff was born on December 21, 1957. Def.'s SMF ¶ 2.[2] On November 29, 1997, she was hired at the age of thirty-nine as an optician at the Vision Center in the Wal-Mart in Greece,

---

[1] Defendant has been incorrectly named in this action as "Walmart, Inc." when in fact it should be named as "Wal-Mart Stores East, L.P."

[2] Facts gleaned from Defendant's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment (Dkt. # 15-2) will be denoted as "Def.'s SMF ¶ [paragraph number]." Similarly, facts taken from Plaintiff's Response to Defendant's Local Rule 56(a)(1) Statement of Material Facts (Dkt. # 22-1) will be denoted as "Pl.'s SMF [page number] ¶ [paragraph number]."

New York.  Def.'s SMF ¶¶ 1, 3.  Plaintiff's direct supervisor, Vision Center Manager Sam Meli, was terminated on May 31, 2011, and his position became available to all Wal-Mart employees soon thereafter.  Def.'s SMF ¶¶ 5-6, 8-9.  Plaintiff applied for the position and was interviewed.  Def.'s SMF ¶¶ 13, 16.  At the interview, Plaintiff was asked ten, pre-selected questions that were graded on a scale of Role Model, Exceeds Expectations, Solid Performer, Development Needed or Below Expectations.  Def.'s SMF ¶¶ 19-20.  Plaintiff received the "Development Needed" grade for each of her answers.  Def.'s SMF ¶ 22.  Another interviewee, Mary Martinez ("Martinez"), received grades of Exceeds Expectations on five of her answers and Solid Performer on the other five.  Def.'s SMF ¶¶ 24, 35.  Martinez also worked as a Wal-Mart Department Manager and Vision Center Manager for three and five years, respectively, while Plaintiff had no supervisory or managerial experience.  Def.'s SMF ¶¶ 3, 34.  One of the preferred qualifications for the position was two or more years of experience supervising five or more employees.  Def.'s SMF ¶ 37.  Martinez was ultimately selected for the position and became the Vision Center Manager at the Greece, New York Wal-Mart in July 2011, when she was thirty-nine years old.  Def.'s SMF ¶¶ 25, 38.

After Martinez became the Vision Center Manager, she was informed that Plaintiff allegedly stole glasses from the Vision Center and subsequently began an investigation into the matter.  Def.'s SMF ¶¶ 50-51.  The Vision Center uses the Best Optical Selling System ("BOSS") to place, process, and record orders.  Def.'s SMF ¶¶ 51-52.  The BOSS records the information of any individual that places an order and shows whether the order was "pulled to the register," which is an indicator of whether someone paid for the order.  Def.'s SMF ¶¶ 53-54.  Martinez searched the BOSS and uncovered five suspect orders that listed Plaintiff's address as the address for the patient: one with an excessive discount of forty percent[3] and four that had not

---

[3] Wal-Mart gives its employees a 10 percent discount on Wal-Mart purchases.  Def.'s SMF ¶ 57.

been pulled to the register. Def.'s SMF ¶¶ 57-58. Four of the orders listed "Lois Donie" as the patient and one listed "J. Sweeney," which is consistent with Plaintiff's nickname "Junie" and her maiden name "Sweeney." Def.'s SMF ¶¶ 58-59. When confronted with the findings, Plaintiff could not provide any receipts or other evidence to support her contention that she had in fact paid for the glasses. Def.'s SMF ¶¶ 65-67; Dkt. # 15-5, Ex. 2, Pl. Dep. 103:15-25. Plaintiff was then discharged on October 10, 2011, (Def.'s SMF ¶ 73) and replaced by a 22 year-old woman. Pl.'s SMF 35 ¶ 48.

## DISCUSSION

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012) (quoting *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 94 (2d Cir. 2012)). All inferences drawn from the evidence must be viewed "in the light most favorable to the party opposing the motion." *Shemendera v. First Niagara Bank*, No. 12-CV-178S, 2014 WL 847329, at *1 (W.D.N.Y. Mar. 4, 2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). Of course, the Court cannot weigh evidence to determine the truth of the dispute, but must simply find whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Summary judgment is proper "only when reasonable minds could not differ as to the import of evidence." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citation omitted).

3

The ADEA makes it "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his [or her]...age." 29 U.S.C. § 623(a)(1). When a plaintiff alleges age discrimination, she "must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) (citing *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 653-54 (2008)). Claims brought under the NYSHRL are analytically identical to that of the ADEA. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 105 n.6 (2d Cir. 2010); *Shemendera*, 2014 WL 847329, at *4.

The Court uses the three-step *McDonnell Douglas* burden-shifting framework to determine whether the Plaintiff has met the burden set down by the ADEA. *Shemendera*, 2014 WL 847329, at *2 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973)). Under this framework, the Plaintiff must first demonstrate sufficient evidence to establish a *prima facie* case of discrimination by showing: (1) her membership in the protected class, (2) her qualifications for the position in question, (3) the occurrence of an adverse employment action against her, and (4) circumstances surrounding the adverse action that give rise to an inference of discrimination. *Ben-Levy v. Bloomberg, L.P.*, 518 F. App'x 17, 19-20 (2d Cir. 2013) (citing *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000)). The Plaintiff carries a "minimal burden" to establish a *prima facie* case. *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 134 (2d Cir. 2000) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993)). Once the *prima facie* case is established, the burden shifts to the Defendant to give a "legitimate, nondiscriminatory" reason for the conduct. *Ben-Levy*, 518 F. App'x at 19-20. This burden is light, and the employer "must simply articulate an explanation that, if true, would connote lawful behavior." *Penberg v. HealthBridge Mgmt.*, 823 F. Supp. 2d 166, 176 (E.D.N.Y. 2011) (quoting *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 52 (2d Cir. 1998)). If the Defendant offers such

a reason, the presumption of discrimination resulting from the *prima facie* case is eliminated and the burden shifts back to the Plaintiff to provide evidence that the defendant's legitimate, non-discriminatory reason is "a mere pretext" for discrimination. *Ben-Levy*, 518 F. App'x at 19-20.

Plaintiff argues that Defendant's failure to promote her to the Vision Center Manager position and her subsequent discharge on October 10, 2011 are the result of age discrimination. With the standards above in mind, and for the reasons that follow, I find that the Plaintiff has failed to raise a genuine issue of material fact regarding whether the Defendant's proffered reasons for failing to promote and terminating Plaintiff are pretextual.

**B. Analysis**

1. Failure to promote

Plaintiff successfully establishes a *prima facie* case in regard to her failure to promote claim. Plaintiff was fifty-three when the Vision Center Manager position opened in June of 2011 and thus was within a protected class (29 U.S.C. § 631(A)), she met the minimum qualifications for the position since she was interviewed (Def.'s SMF ¶ 16), she was subjected to an adverse employment when she was not promoted (Def.'s SMF ¶ 38), and finally, she raised an inference of discrimination when Martinez was promoted instead of Plaintiff (*Id.*). *See Zimmermann v. Associates First Capital Corp.*, 251 F.3d 376, 381 (2d Cir. 2001) (holding an inference of discrimination is present when an individual is replaced by someone outside of the protected class); *see also Carlton*, 202 F.3d at 135.

Defendant provides a legitimate, non-discriminatory reason for hiring Martinez by showing that she was better qualified and interviewed better than Plaintiff. Def.'s SMF ¶¶ 3, 22, 24, 34, 35.

Plaintiff makes several arguments to show that the provided reasons were a pretext for actual discrimination. Plaintiff first argues that Defendant's non-discriminatory reason was

pretextual because a decision-maker made discriminatory or retaliatory comments. I cannot agree. Causation, but not pretext, "can be satisfied by showing that a person with discriminatory animus toward the plaintiff influenced the 'actual' decisionmaker...." *Sadki v. SUNY Coll. at Brockport*, 310 F. Supp. 2d 506, 513 (W.D.N.Y. 2004). Even if Plaintiff had authority to support her argument, there would be no genuine issue of material fact. She alleges only that Store Manager Doug McCane ("McCane"), who interviewed Plaintiff (Def.'s SMF ¶ 17), was aware that Martinez was substantially younger compared to Plaintiff. Pl.'s SMF 14 ¶ 40. Consequently, no one could find that McCane made discriminatory or retaliatory comments.

Plaintiff next argues that pretext may be shown by demonstrating that the employer's reasoning contains "weaknesses, implausibilities, inconsistencies, incoherences, or contradictions" such that a reasonable juror could reasonably find them unworthy of credibility and thus infer that the employer's reasons were pretextual. *Bombero v. Warner–Lambert Co.*, 142 F. Supp. 2d 196, 203 n.7 (D. Conn. 2000) (quoting *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999)). Unlike Plaintiff's first argument, this line of reasoning has support within the Second Circuit. *See Baron v. Advanced Asset & Prop. Mgmt. Solutions, LLC*, No. 11-CV-2155 (DRH)(AKT), 2014 WL 1679049, at *7 (E.D.N.Y. Apr. 29, 2014); *Dressler v. New York City Dep't of Educ.*, No. 10 Civ. 3769(JPO), 2012 WL 1038600, at *9 (S.D.N.Y. Mar. 29, 2012). However, Plaintiff does not provide any evidence to show that Defendant's reasoning is in any way inconsistent with regard to her failure to promote claim. Dkt. # 22. Moreover, Defendant has been consistent in holding that Martinez was chosen over Plaintiff because Martinez was better qualified and performed better in her interview. Def.'s SMF ¶ 3, 22, 24, 34, 35.

Finally, Plaintiff argues that Defendant's reasoning is pretextual because both Plaintiff and Martinez were "similarly situated," in that they both interviewed for the position, and that

Plaintiff was treated less favorably than someone outside of the protected class, since Martinez was ultimately hired. Def.'s SMF ¶ 38. Again, the authority cited by Plaintiff does not support her contention. All of the referenced cases contain Title VII claims. *Calabro v. Westchester BMW, Inc.*, 398 F. Supp. 2d 281, 292 (S.D.N.Y. 2005) (Title VII claim alleging discrimination based on pregnancy); *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (Title VII action claiming racial discrimination); *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 864 (2d Cir. 1992) (Title VII suit based on gender discrimination); *Stewart v. International Bus. Machs. Corp.*, 867 F. Supp. 238, 238 (S.D.N.Y. 1994) (Title VII claim alleging racial discrimination). In the ADEA context, a plaintiff may use a similarly situated argument to establish an inference of discrimination, but not pretext. *See Mandell v. County of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) ("[A] showing that the employer treated plaintiff 'less favorably than a similarly situated employee outside his protected group'—is a recognized method of raising an *inference of discrimination* for purposes of making out a *prima facie case*.") (emphasis added) (ADEA claim); *Berube v. Great Atl. & Pac. Tea Co.*, 348 F. App'x 684, 686 (2d Cir. 2009) (ADEA claim); *Holmes v. Donahoe*, No. 10-CV-1031-A-Sr., 2014 WL 2882850, at *20 (W.D.N.Y. June 25, 2014) (ADEA claim); *White v. New York City Dep't of Educ.*, No. 12 Civ. 1376(CM), 2014 WL 1273770, at *15 (S.D.N.Y. Mar. 28, 2014) (ADEA claim). As a result, Plaintiff has failed to raise a genuine issue of material fact as to whether Defendant's reason was a pretext for discrimination.

2. Termination

Plaintiff also establishes a *prima facie* case in regard to her termination claim. She was over forty when she was fired (Def.'s SMF ¶ 73), had held her position for her entire career at the Wal-Mart in Greece, New York (Def.'s SMF ¶ 3), was terminated (Def.'s SMF ¶ 73), and was replaced by an individual who was twenty-two (Pl.'s SMF 35 ¶ 48).

Defendant's non-discriminatory reason for terminating Plaintiff is that she stole glasses from the Vision Center. Def.'s SMF ¶¶ 57-58, 73.

To establish pretext, Plaintiff repeats the *Bombero* argument used above, namely that Defendant's reasoning is inconsistent to the point that a reasonable juror could not find it credible and could infer pretext. *Bombero*, 142 F. Supp. 2d at 203 n.7. I disagree. While Plaintiff provides several instances in which an order *could* be paid for when the BOSS indicates that it was not pulled to the register, Plaintiff does not provide evidence showing that any of those exceptions exist for any of the orders in question. Dkt. # 22. In addition, Plaintiff stated in a deposition that not only would it be "reasonable to believe" a customer had not paid for the order if it had not been pulled to the register, but that a person "would think" the customer had not paid for the order. Def.'s SMF ¶ 56. Plaintiff then confirmed that she did not provide any evidence that she paid for the glasses she was accused of stealing. Dkt. # 15-5, Ex. 2, Pl. Dep. 103:15-25. She also related that no one at Wal-Mart, her supervisors included, made any comments regarding age to the Plaintiff. Def.'s SMF ¶ 74. Moreover, Defendant's reasoning for Plaintiff's termination is consistent. From the time that it was alleged Plaintiff stole merchandise to the time Plaintiff was terminated, Defendant consistently focused on the five orders at issue, investigated the allegations, and then acted accordingly. Def.'s SMF ¶¶ 50-59, 64-67, 72-73.

3.  State law claims

Since I have dismissed all of Plaintiff's federal claims, I decline to exercise supplemental jurisdiction[4] over Plaintiff's remaining state law claims in the interest of judicial economy,

---

[4] There is no issue regarding whether the claims could survive under diversity jurisdiction, since Plaintiff pled supplemental jurisdiction, did not plead diversity jurisdiction, and did not plead an amount in controversy. Dkt. # 1, 1-2.

convenience, fairness, and comity.[5]   28 U.S.C. § 1367(c)(3).   All state law claims are hereby dismissed.

CONCLUSION

Based upon the foregoing, I find that there is no genuine issue of material fact regarding whether Defendant's proffered reasons for failing to promote and terminating Plaintiff are pretextual, and that the remaining state law claims should be dismissed.   Accordingly, the Defendant's Motion for Summary Judgment is GRANTED (Dkt. # 15) and the Complaint is dismissed.  The Clerk of the Court is directed to close this case.


IT IS SO ORDERED.


DATED:        Rochester, New York
              August 8, 2014

                                        _____
                                        HON. FRANK P. GERACI, JR.
                                        United States District Judge

---

[5] While not a mandatory rule, both the Supreme Court of the United States and the Second Circuit have held that if all federal claims are dismissed before trial, the state claims should be dismissed as well. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010) (citing *Cave v. East Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)).